Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF JONATHAN A. STIEGLITZ
11845 W. Olympic Boulevard, Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Yitzchak Zelman, Esq.,
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff
*Pro Hac Vice Motion to be Filed*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRYAM KETAYI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br><br>LOGIX FEDERAL CREDIT UNION,<br><br>Defendant. | Civil Case No.:<br><br><u>**CIVIL ACTION**</u><br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Miryam Ketayi, (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against Defendant Logix Federal Credit Union ("Defendant"), and allege, upon

- 1 -
CLASS ACTION COMPLAINT

personal knowledge as to their own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1. Plaintiff, Miryam Ketayi, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") against Defendant Logix Federal Credit Union for obtaining credit reports concerning her and class members without a permissible purpose in violation of the FCRA.

2. Because of the Defendant's illegal actions, the Plaintiff suffered a hit to her credit score, which negatively impacted her ability to obtain credit.

3. Plaintiff seeks statutory, actual, and punitive damages for herself, as well as statutory and punitive damages for the class members, injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

4. Plaintiff is a resident of San Diego, California.

5. Defendant is a federal credit union with its principal place of business located in Burbank, California.

6. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time

such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Fair Credit Reporting Act, a federal statute.

8. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

10. Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## FACTUAL ALLEGATIONS

11. On or about March 13, 2020, Plaintiff went on Defendant's website to apply for a loan.

12. Plaintiff commenced the loan application by inputting her basic background information.

13. However, Plaintiff specifically did not complete or submit the application, because Plaintiff wanted to wait to submit the application until she was certain that she could qualify for the loan.

14. Nonetheless, Defendant apparently went ahead and pulled the Plaintiff's credit from Equifax and Transunion anyway, without her ever authorizing the Defendant to access her credit.

15. As a result of Defendant's unauthorized pulling of her credit report, Plaintiff's credit scored dropped dramatically. As a result, Plaintiff was found ineligible to qualify for the home loan she was seeking to obtain, and has not been able to obtain that loan since.

## LEGAL CLAIMS

16. Defendant obtained the Plaintiff's credit, even though the Plaintiff did not submit any credit application or otherwise authorize the Defendant to obtain the Plaintiff's credit.

17. Defendant thereby violated 15 U.S.C. § 1681b(f)(1), which provides that "A person shall not use or obtain a consumer report for any purpose unless [it] is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

18. Upon information and belief, Defendant's illegal conduct is not an isolated instance. Instead, the Defendant obtains and runs the credit of individuals who commence applications on the Defendant's online website, even if those individuals never complete or submit their applications.

19. In order to redress injuries caused by Defendant's violations of the FCRA, Plaintiff, on behalf of herself and the Class of similarly situated individuals, bring suit under the FCRA, 15 U.S.C. § 1681, et seq., which provides that a person may not use or obtain a credit report unless authorized to do so.

20. On behalf of Plaintiff and the Class, Plaintiff seek an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the Class, which includes:

   a. "The Class", consisting of (1) all individuals in the United States (2) whose credit was obtained by Logix Federal Credit Union (3) after initiating but not completing and submitting an online loan application, (4) within the four years preceding the commencement of this action.

22. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

23. Plaintiff and the Class members were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally obtained viewed and used the Plaintiff's and Class members' credit reports without their authorization, the Plaintiff and the Class members suffered decreased credit scores as a result; and Plaintiffs and Class members' privacy was invaded.

24. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable. Logix has hundreds of thousands of members and joinder would be impractical even if this fact pattern happened to only a tiny fraction of those members.

25. There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

26. Common questions for the Classes include, without limitation:

   a. Whether Defendant's conduct violated the FCRA;

   b. Whether Class members are entitled to damages based on the Defendant's conduct;

   c. Whether Defendant illegally obtained and used the credit reports of the Class members without being authorized to do so; and

   d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

27. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

28. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions.

29. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

30. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class, and making final injunctive relief appropriate with respect to the Class as a whole.

31. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

32. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

33. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

34. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct.

35. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

36. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681**

37. Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

38. Defendant illegally obtained and used the credit report of the Plaintiff and the Class without having a permissible purpose for obtaining those credit reports.

39. Defendant obtained these credit reports knowing that they did not have a permissible purpose.

40. In fact, Defendant's application included a 'check-the-box' to authorize the Defendant to obtain the Plaintiff's credit report, and the Defendant obtained the Plaintiff's credit report even though that box was not checked.

41. The foregoing acts and omissions of Defendant violated 15 U.S.C. § 1681b(f)(1), *et seq.*

42. Congress enacted the FCRA to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also* 15 U.S.C. § 1681(a)(4).

43. Obtaining a consumer report without a permissible purpose violates the consumer's right to privacy and a core purpose of the FCRA. 15 USC § 1681(a)(4) ("grave responsibilities with… respect for the consumer's right to privacy"); *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (FCRA purpose "to protect consumer privacy"). Consumer reports contain a, "sea of sensitive consumer information." *Cole v. U.S. Capt. Inc.*, 389 F.3d 719 (7th Cir. 2004). 19.

44. Defendant's conduct caused the Plaintiff actual damages, in invading the Plaintiff's privacy, in unlawfully obtaining and viewing the Plaintiff's private and

personal information, and in causing the Plaintiff's credit score to drop by nearly 30 points, causing the Plaintiff to be unable to obtain the credit she needs to buy a home.

45. Defendant's violations of the FCRA were willful, giving rise to liability under 15 U.S.C. § 1681n, because Defendant knew that it did not have a permissible purpose to obtain or access the credit reports of the Plaintiff or the Class members, but recklessly did so anyway.

46. Defendant's violations were further negligent, giving rise to liability under 15 U.S.C. § 1681o.

## JURY DEMAND

47. Plaintiff and the Class demand a jury trial on all issues so triable.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

a) Awarding Plaintiff and the Class statutory damages and punitive damages;

b) Awarding Plaintiff actual damages;

c) Awarding Plaintiff costs of this action and reasonable attorneys' fees and expenses;

d) Awarding pre-judgment interest and post-judgment interest;

e) A declaration that Defendants' conduct alleged herein is in violation of the FCRA as set forth more fully above;

f) A court order enjoining Defendants from such further violations of the FCRA as alleged herein;

g) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:       January 7, 2021

/s/ Jonathan A. Stieglitz
Jonathan A. Stieglitz, Esq.
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Boulevard, Suite 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
Pro Hac Vice Motion Forthcoming
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: YZelman@MarcusZelman.com
**Attorneys for Plaintiff**